IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-10-336 |
| | * | |
| DIONE FAUNTLEROY, JR. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Dione Fauntleroy, Jr. is a federal prisoner who is serving a 151-month sentence for drug trafficking. Now pending is Fauntleroy's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 1082). The government opposes the motion, (ECF 1087), and Fauntleroy has replied, (ECF 1094). For the reasons explained below, the motion will be denied.

## BACKGROUND

Beginning in 2009, Fauntleroy and others were targets of a Baltimore Police Department and Drug Enforcement Agency drug trafficking investigation. (ECF 670 at 4 (Plea Agreement)). The investigation involved the seizures of narcotics, narcotics proceeds, firearms, and other contraband. (*Id*.).

On October 20, 2011, Fauntleroy pled guilty to one count of conspiracy to distribute controlled dangerous substances in violation of 21 U.S.C. §§ 846 and 860. (ECF 670 at 1). As part of his plea, Fauntleroy admitted that the amount of drugs that was reasonably foreseeable to him in furtherance of the conspiracy was at least five kilograms but less than 15 kilograms of cocaine, and at least 280 grams but less than 840 grams of cocaine base. (*Id*. at 4). On January 17, 2012, Fauntleroy was sentenced to 156 months' imprisonment, followed by a ten-year term of supervised release. (ECF 715 (Judgment)). On April 13, 2017, the court granted Fauntleroy's

1

motion for reduction of sentence based on retroactive changes to the sentencing guidelines, and reduced his sentence to 151 months. (ECF 965).

Fauntleroy requests compassionate release on the basis that his underlying health conditions (asthma and hypothyroidism) place him at greater risk of serious illness related to COVID-19. The government does not appear to contest that Fauntleroy's motion is properly before the court.[1] Accordingly, the only issues are (1) whether "extraordinary and compelling reasons" justify imposing a reduced sentence; and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses

---

[1] On April 17, 2020, Fauntleroy filed a request for a reduction in sentence with the warden of the BOP facility where he is incarcerated. (*See* ECF 1082-2). The warden denied the motion. (*Id*.). This constitutes exhaustion of administrative remedies within the meaning of the compassionate release statute.

2

independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[2]

Fauntleroy asserts that he is eligible for compassionate release based on underlying health conditions (asthma and hypothyroidism) that increase his vulnerability to COVID-19. The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's vulnerability to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., type 1 diabetes). *Id*. Asthma is in the latter group, and hypothyroidism is in neither group. *Id*.

The court is not persuaded that Fauntleroy's underlying medical conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. Based on the CDC guidance, it appears that asthma is Fauntleroy's only risk factor for serious illness related to COVID-19. Fauntleroy is relatively young (36 years old), and, as explained above, the CDC classifies asthma as a lesser risk factor. Absent evidence of other underlying conditions that make Fauntleroy particularly vulnerable to COVID-19, the court does not believe Fauntleroy's asthma is grounds for compassionate release. *See, e.g., United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one

---

[2] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

3

underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.").[3] Moreover, the court acknowledges Fauntleroy's concerns about the risks of spread in the prison environment, but without more evidence that he is particularly vulnerable to illness, the court does not find that he has presented an "extraordinary and compelling reason" for a sentence reduction.

## CONCLUSION

For the reasons explained above, Fauntleroy's motion for compassionate release (ECF 1082) will be denied. The associated motions to seal (ECF 1081, 1086, 1093) will be granted to protect the confidentiality of personal medical information. A separate order follows.

| 8/14/20 | /S/ |
|---|---|
| Date | Catherine C. Blake<br>United States District Judge |

---

[3] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.